UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                                          )         Case Number:   22-12537
                                                                )                        (Jointly Administered)
ILLINOIS VALLEY CELLULAR RSA 2-I,  )         Chapter:       11
LLC, et al.,                                                 )
                                                                )         Honorable Timothy A. Barnes
                                                                )
                                                                )
            Debtor(s)                                    )

## ORDER CONFIRMING DEBTORS' FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION DATED FEBRUARY 24, 2023 AND SUBSTANTIVELY CONSOLIDATING DEBTORS' ESTATES INTO THE ESTATE OF ILLINOIS VALLEY CELLULAR RSA 2-I, LLC

Illinois Valley Cellular RSA 2-I, LLC ("RSA 2-I") and Illinois Valley Cellular RSA 2-II, LLC ("RSA 2-II" and, together with RSA 2-I, the "Debtors") have proposed the First Amended Subchapter V Plan of Reorganization Dated February 24, 2023 (the "Plan") [ECF No. 102]; all objections to the Plan have been resolved; the Court has considered the Plan and found that the Plan satisfies the elements of confirmation under Sections 1129 and 1191 of title 11 of the United States Code; and after notice and a hearing:

It is hereby Ordered:

1. The Plan which is attached to this Order, as amended herein, is confirmed.

2. The Plan will be amended as follows to correct typographical errors and clarify the information therein:

    a. On page 20, "Section 7.11" is replaced by "Section 7.12."

    b. On page 26, Section 7.03, "Assets" is replaced by "assets."

    c. Section 10.02 Injunction is replaced by the following language:

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE CONFIRMATION DATE, ALL PERSONS AND ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD LIENS, CLAIMS OR INTERESTS IN OR AGAINST THE DEBTORS ARE, WITH RESPECT TO OR ON ACCOUNT OF ANY SUCH LIENS, CLAIMS OR INTERESTS, PERMANENTLY ENJOINED FROM: (I) COMMENCING, CONDUCTING OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION OR OTHER PROCEEDING OF ANY KIND (INCLUDING, WITHOUT LIMITATION, ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE OR OTHER FORUM) AGAINST OR AFFECTING THE DEBTORS, OR ANY OF THEIR RESPECTIVE PROPERTY, FUTURE DIRECT OR INDIRECT TRANSFEREES, DIRECT OR INDIRECT SUCCESSORS IN INTEREST, REPRESENTATIVES, AGENTS, OR PROFESSIONALS; (II) ENFORCING AGAINST, LEVYING UPON OR ATTACHING (INCLUDING, WITHOUT LIMITATION, ANY PREJUDGMENT ATTACHMENT) THE DEBTORS, OR ANY OF THEIR RESPECTIVE PROPERTY, FUTURE DIRECT OR INDIRECT

TRANSFEREES, DIRECT OR INDIRECT SUCCESSORS IN INTEREST, REPRESENTATIVES, AGENTS, OR PROFESSIONALS; (III) ENFORCING, LEVYING, ATTACHING (INCLUDING, WITHOUT LIMITATION, ANY PRE-JUDGMENT ATTACHMENT), COLLECTING OR OTHERWISE RECOVERING BY ANY MANNER OR MEANS WHETHER DIRECTLY OR INDIRECTLY, OF ANY JUDGMENT, AWARD, DECREE, CLAIM OR ORDER AGAINST THE DEBTORS, OR ANY OF THEIR RESPECTIVE PROPERTY, FUTURE DIRECT OR INDIRECT TRANSFEREES, DIRECT OR INDIRECT SUCCESSORS IN INTEREST, REPRESENTATIVES, AGENTS, OR PROFESSIONALS; (IV) CREATING, PERFECTING OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY LIENS, CLAIMS OR INTERESTS OFANY KIND AGAINST OR IN THE DEBTORS, OR ANY OF THEIR RESPECTIVE PROPERTY, FUTURE DIRECT OR INDIRECT TRANSFEREES, DIRECT OR INDIRECT SUCCESSORS IN INTEREST, REPRESENTATIVES, AGENTS, OR PROFESSIONALS; (V) OTHER THAN AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN, ASSERTING ANY RIGHT OF SETOFF, SUBORDINATION OR RECOUPMENT OF ANY KIND, DIRECTLY OR INDIRECTLY, AGAINST ANY OBLIGATION DUE THE DEBTORS, OR ANY OF THEIR RESPECTIVE PROPERTY, FUTURE DIRECT OR INDIRECT TRANSFEREES, DIRECT OR INDIRECT SUCCESSORS IN INTEREST, REPRESENTATIVES, AGENTS, OR PROFESSIONALS; AND (VI) TAKING ANY ACTIONS IN ANY PLACE AND IN ANY MANNER WHATSOEVER THAT DO NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN.

    d. Section 10.04 Exculpation is replaced by the following language:

Except as otherwise provided in the Plan or Confirmation Order, neither the Debtors nor any of their current members, officers, directors, shareholders, employees, advisors, attorneys, agents, or representatives acting in such capacity, will have or incur any liability to, or be subject to any right of action by, any Person or entity, for any act or omission in connection with, relating to or arising out of, the Cases or the pursuit of confirmation of the Plan, except to the extent arising out of fraud, willful misconduct or gross negligence, and in all respects will be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan.

3. Nothing in the Plan (including, without limitation, Sections 7.01 (Substantive Consolidation), 7.03 (Vesting of Assets), 7.12 (Appropriate Remedies), 10.01 (Debtors' Discharge), 10.02 (Injunction), or 10.04 (Exculpation)) or the Confirmation Order shall or shall be deemed to (a) revest or authorize the sale or transfer of the assets of the Debtors, their Estates, or the Post Effective Date Debtors free and clear of any easements or restrictive covenants (the "Vertical Bridge Easements") granted to Vertical Bridge Towers III, LLC or its affiliates (collectively "Vertical Bridge"); (b) release, discharge, enjoin, or otherwise impair enforcement of the Vertical Bridge Easements; or (c) release, discharge, enjoin, or otherwise impair claims or causes of action of Vertical Bridge against Debtors' former members or partners.

Substantive Consolidation

4. Pursuant to Section 7.01 of the Plan, the Debtors' estates are hereby substantively consolidated into the estate of RSA 2-I, as of the Effective Date and, except as otherwise provided in the Plan:

    a. all guarantees of any Debtor of the payment, performance or collection of the other

    Debtor shall be deemed eliminated and cancelled;

    b. any obligation of any Debtor and all guaranties thereof executed by the Debtor or Debtors shall be treated as a single obligation and multiple Claims against such entities on account of such joint obligations, shall be treated and allowed only as a single Claim against the consolidated Debtors; and

    c. each Claim filed or to be filed against either Debtor shall be deemed filed against the consolidated Debtors and shall be deemed a single Claim against and a single obligation of the consolidated Debtors.

  5. On the Effective Date, and in accordance with the terms of the Plan and the consolidation of the assets and liabilities of the Debtors, all Claims based upon guaranties of collection, payment or performance made by the Debtors as to the obligations of another Debtor shall be released and of no further force and effect.

  6. On the Effective Date, the Intercompany Claims of Debtors against any other Debtor shall be extinguished and cancelled.

  7. On the Effective Date, the Debtors are authorized to take all steps reasonably necessary to implement the provisions of this Order.

  8. This Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

  9. A post-confirmation status hearing will be held on June 7, 2023 at 9:30 am.

Enter:

Timothy A. Barnes
United States Bankruptcy Judge

Dated: April 5, 2023

**Prepared by:**

Shelly A. DeRousse
Smith Gambrell & Russell LLP
311 S. Wacker Dr. Suite 3000
Chicago, IL 60606
sderousse@sgrlaw.com
312.360.6315